UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION 21 A 10: 05

| | | |
|---|---|---|
| Thomas Grooms, | § | DEBRA P. HACKETT, CLK |
| | § | U.S. DISTRICT COURT |
| Plaintiff, | § | MIDDLE DISTRICT ALA |
| | § | |
| v. | § | |
| | § | Civil Action No.: 1:07CV249-mef |
| Willstaff Crystal, Inc., d/b/a | § | |
| Willstaff Worldwide, | § | |
| | § | JURY DEMAND |
| Defendant. | § | |

## COMPLAINT

### INTRODUCTION

1.    This is an action for legal and equitable relief from the unlawful racial discrimination and retaliation perpetrated by the defendant against the plaintiff. Suit is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et. seq.,* as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII") and Alabama state law. Plaintiff requests a jury trial for all issues triable to a jury.

### JURISDICTION

2.    Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343 (a) (4), and 42 U.S.C. § 2000e-5. Supplemental jurisdiction is appropriate pursuant to 28 USC §1367.

3.    Defendant, Willstaff Crystal, Inc., d/b/a Willstaff Worldwide ("Willstaff") is a Delaware corporation which does business in Houston County, Alabama. The events and omissions giving rise to the plaintiff's claim occurred in the Middle District of Alabama. Therefore, venue is proper pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5.

## ADMINISTRATIVE PREREQUISITES

4.     The plaintiff has met all administrative conditions for filing this case under Title VII by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") and filing this suit within 90 days of receiving the Notice of Rights.

## PARTIES

5.     The plaintiff, Thomas Grooms, is a black, male resident of Houston County, Alabama.

6.     Willstaff is an employment agency which recruits and assigns its workers to various industries, offices and workplaces.  Defendant employs more than 15 people and is an employer under Title VII and for all purposes herein.

7.     Jennifer Espy, at all relevant times herein, was the manager of the Willstaff office where Thomas Grooms was employed.  Espy exercised supervisory authority over Grooms with respect to the terms and conditions of his employment.

## STATEMENT OF FACTS

8.     Beginning in November 2005, Willstaff employed plaintiff and assigned him to work for Younglove Construction Company on a construction project near Brundidge, Alabama.  While there, plaintiff was subjected to intimidating, hostile racial insults and ridicule. The derogatory racial comments were made by plaintiff's supervisor as well as by co-workers and occurred repeatedly.  The comments were demeaning, intimidating, insulting and interfered with the terms and conditions of plaintiff's employment.

9.     Believing it to be unlawful discrimination, Grooms reported the misconduct to Willstaff on December 20, 2005 and the complaint was relayed to Espy.   Instead of

investigating the complaint, Espy sent a message to Mr. Grooms asking only if he was going back to work. To date, no one from Willstaff has ever contacted Plaintiff to investigate his complaint.

10.    On December 21, 2005, plaintiff returned to Younglove, but the racial harassment continued. Finally, Grooms refused to go back into that environment any longer and requested to Willstaff that he be placed somewhere else. Despite repeated requests, Willstaff never placed him at another position and thereby discharged him.   Thus, submission to racial harassment was made a condition of his employment.

11.    The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs that have been committed against him, and this suit is for a declaratory judgment, back and front pay, mental anguish, an injunction, and compensatory and punitive damages as his only means of securing adequate relief.

## COUNT I
## RACIAL HARASSMENT IN VIOLATION OF TITLE VII

12.    Plaintiff realleges and incorporates by reference paragraph 1-11 above as if fully set out in specific detail herein.

13.    As a condition of employment, Willstaff required plaintiff to submit to an ongoing pattern of unlawful racial discrimination and harassment in violation of Title VII. The harassment was sufficiently pervasive and severe so as to create a hostile, intimidating and offensive work environment and race was used as a basis for employment decisions which adversely affected the plaintiff.

14.    Willstaff is also responsible for the actions of Espy and its other agents and employees through the doctrine of *respondeat superior* and other agency laws.

3

15.    As a proximate result of Willstaff's actions and their failure to act, the plaintiff suffered damages including, but not limited to, loss of earnings, benefits, and other pecuniary loss as well as emotional and mental distress, humiliation, embarrassment, fright, discomfort and anxiety.

16.    Willstaff's conduct herein was willful, malicious, intentional and in disregard of the law and therefore justifies an award of punitive and exemplary damages in an amount to be determined at trial. Plaintiff is also entitled to reasonable attorneys' fees and costs of suit.

WHEREFORE, the plaintiff prays that judgment be entered in his favor and against the defendant for such relief as is requested below.

## COUNT II
## RETALIATION UNDER TITLE VII AGAINST EMPLOYERS

17.    The plaintiff realleges and incorporates by reference paragraphs 1-11 above as if fully set out herein.

18.    Plaintiff engaged in protected activity under Title VII by opposing defendant's unlawful conduct, reporting the unlawful activity to Espy and by refusing to submit to continued racial slurs at his workplace.

19.    Willstaff in retaliation of this activity and in total disregard of the law:
   a.    failed to investigate his complaint;
   b.    failed to stop the harassment and required plaintiff to return to the racially hostile work environment;
   c.    failed to take steps to protect the plaintiff from the ongoing harassment;
   d.    failed to reassign him to another position where submission to racial slurs was not a requirement of the job; and
   e.    discharged him.

20.    As a proximate result, plaintiff suffered injury which was materially adverse to him including, without limitation, loss of earnings and other pecuniary loss as well as emotional and mental distress, anguish, humiliation, embarrassment, discomfort and anxiety.

WHEREFORE, the plaintiff prays that judgment be entered in his favor and against the defendant for such relief as is requested below.

**COUNT III**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(TORT OF OUTRAGE)**

21.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 20 as set forth above.

22.    Defendant's unlawful conduct constitutes such extreme, outrageous and offensive conduct that such conduct should not be and is not tolerated in civilized society.

23.    Employers are also vicariously liable for the actions of Espy and its other agents and employees through the doctrine of *respondeat superior* and agency law.

24.    As a proximate result of the defendants conduct, the plaintiff suffered emotional and mental distress, anguish, humiliation, embarrassment, fright, discomfort and anxiety as well as loss of earnings, benefits, and other pecuniary loss.

WHEREFORE, the plaintiff prays that judgment be entered in his favor and against the Defendant for such relief as requested below.

**COUNT IV**
**NEGLIGENT RETENTION**

25.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 24 as set forth above.

5

26.    Willstaff had a duty to protect plaintiff from supervisors whom they knew, or should have known, created a risk of injury to him.  Willstaff breached that duty by hiring and/or retaining Espy, when it knew or should have known that Espy engaged in unlawful harassing , discriminatory and retaliatory conduct.

27.    Willstaff negligently failed to protect plaintiff by taking appropriate corrective action to ensure that such conduct ceased.

28.    As a proximate result of the acts and conduct of the defendant, the plaintiff suffered emotional and mental distress, anguish, humiliation, embarrassment, fright, discomfort and anxiety as well as loss of earnings, benefits, and other pecuniary loss.

WHEREFORE, the plaintiff prays that judgment be entered in his favor and against the defendant and for such further relief as is requested below.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Grant plaintiff a declaratory judgment holding that Willstaff violated and continue to violate the rights of the plaintiff as secured by Title VII.

2.    Grant plaintiff a permanent injunction enjoining Willstaff, their agents, successors, employees, attorneys and those acting in concert with Willstaff and on Willstaff's behalf from continuing to violate Title VII.

3.    Grant the plaintiff an Order requiring the Willstaff to make the plaintiff whole by awarding him back pay plus interest, front pay, compensatory, punitive and /or nominal damages, and loss of benefits in compensation for the wrongful conduct he endured.

4.    The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted this 20 day of March, 2007.

Elizabeth B. Glasgow – (GLA-015)
Harry P. Hall II (HAL- 053)
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place (36303)
Post Office Drawer 2228
Dothan, Alabama 36302
Tel:    334/793-2424
Fax:    334/793-6624

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES TRIABLE TO A JURY.**

Elizabeth B. Glasgow

**SERVE DEFENDANT AT:**
CSC LAWYERS INCORPORATING SVC, INC.
150 S. PERRY ST.
MONTGOMERY, AL 36104