IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS GROOMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:07-cv-249-MEF |
| ) | |
| WILLSTAFF CRYSTAL, INC., d/b/a ) | |
| WILLSTAFF WORLDWIDE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER

For Answer to Plaintiff's Complaint, Defendant WillStaff Crystal, Inc. d/b/a WillStaff Worldwide ("WillStaff") says as follows:

## DEFENSES

WillStaff asserts the following affirmative and additional defenses to the Complaint, but does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted. WillStaff further reserves the right to assert additional defenses and/or otherwise to supplement this Answer as discovery progresses.

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted against WillStaff.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of

limitation.

THIRD DEFENSE

To the extent Plaintiff is complaining about events or decisions that occurred more than 180 days before his EEOC charge, he has failed to satisfy conditions precedent to filing suit as to some or all of his claims.

FOURTH DEFENSE

To the extent Plaintiff waited more than 90 days to file suit after receiving his Notice of Right to Sue from the EEOC, some or all of his claims are time-barred.

FIFTH DEFENSE

To the extent Plaintiff raises issues which are not like or related to his charge of discrimination as filed with the Equal Employment Opportunity Commission, he cannot pursue such issues under Title VII in this action.

SIXTH DEFENSE

No conduct of WillStaff, was the proximate cause of, or had any causal connection with any damages allegedly sustained by Plaintiff.

SEVENTH DEFENSE

To the extent that Plaintiff seeks damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, such damages are limited by the operation of the limitations set forth in 42 U.S.C. §1981a.

EIGHTH DEFENSE

WillStaff exercised reasonable care to avoid harassment.

## NINTH DEFENSE

WillStaff exercised reasonable care to correct promptly any allegedly harassing behavior.

## TENTH DEFENSE

Plaintiff unreasonably failed to take advantage of preventative opportunities with respect to alleged harassment.

## ELEVENTH DEFENSE

Plaintiff unreasonably failed to take advantage of corrective opportunities with respect to alleged harassment.

## TWELFTH DEFENSE

Plaintiff otherwise unreasonably failed to prevent alleged harm that could have been avoided.

## THIRTEENTH DEFENSE

WillStaff is not liable on Plaintiff's racial harassment claim as Plaintiff cannot establish that he was subjected to conduct severe or pervasive enough to alter the conditions of his employment as a matter of law.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in his Complaint because, even if WillStaff was found to have considered any protected conduct in any decisions or actions with respect to Plaintiff, which WillStaff denies, no such decisions were motivated by Plaintiff's protected conduct.

## FIFTEENTH DEFENSE

All decisions relating to the Plaintiff's employment were made for legitimate

business reasons.

## SIXTEENTH DEFENSE

All decisions concerning Plaintiff's employment were made for legitimate business reasons, having nothing to do with any alleged protected conduct. Additionally, all challenged decisions were made in good faith and in conformity with applicable practices.

## SEVENTEENTH DEFENSE

WillStaff specifically denies that Plaintiff's alleged protected conduct was a factor in any employment decision made with respect to him. To the extent a fact finder determines otherwise, WillStaff states that it would have made the same decision with respect to Plaintiff in any event.

## EIGHTEENTH DEFENSE

Plaintiff's retaliation claim fails to the extent he has not engaged in a protected activity.

## NINETEENTH DEFENSE

Plaintiff's claim for retaliation based on alleged protected activity fails because Plaintiff cannot establish any causal link between that activity and the acts and decisions of WillStaff about which he complains.

## TWENTIETH DEFENSE

Plaintiff's claim for damages is limited to the extent he has failed or refused to mitigate his damages in that *inter alia* he declined assignment to other clients.

## TWENTY-FIRST DEFENSE

WillStaff denies that the Plaintiff can establish the necessary elements of his tort claims; however, to the extent a jury concludes otherwise, WillStaff pleads the defenses of consent, assumption of the risk, and/or contributory negligence.

## TWENTY-SECOND DEFENSE

To the extent Plaintiff seeks to recover from WillStaff for any act or omission of any employee of WillStaff and/or Younglove Construction, WillStaff is not liable because the alleged conduct was not (1) committed in the line and scope of that employee's employment, (2) committed in furtherance of WillStaff's business, or (3) authorized or ratified by WillStaff.

## TWENTY-THIRD DEFENSE

WillStaff is not liable for the deliberate, intentional acts of any of its employees or Younglove Construction's employees. Therefore, even if an employee of WillStaff and/or Younglove Construction was guilty of intentional misconduct, WillStaff is not liable for that misconduct.

## TWENTY-FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim of intentional infliction of emotional distress.

## TWENTY-FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim of negligent hiring and/or retention.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims, in whole or in part, may be barred by estoppel.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims may be barred by the doctrine of unclean hands.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claims may be barred or limited by the doctrine of after-acquired evidence.

## TWENTY-NINTH DEFENSE

Plaintiff's claims for equitable relief may not be tried before a jury.

## THIRTIETH DEFENSE

An award of punitive damages would be contrary to the good faith efforts of WillStaff to comply with the law.

## THIRTY-FIRST DEFENSE

Plaintiff has not alleged, and cannot prove, sufficient facts to justify an award of punitive damages.

## THIRTY-SECOND DEFENSE

The damages claimed by Plaintiff are, in whole or in part, subject to statutory caps.

## THIRTY-THIRD DEFENSE

An award of punitive damages in this case would violate federal and state constitutions.

## THIRTY-FOURTH DEFENSE

Plaintiff has failed to plead, and cannot plead, any basis for the award of punitive damages which may be awarded only when a defendant acts with malice or "reckless disregard" of Plaintiff's statutory rights.

## THIRTY-FIFTH DEFENSE

WillStaff adopts all defenses authorized by the United States Supreme Court's decision in *Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

## THIRTY-SIXTH DEFENSE

WillStaff adopts all defenses made available under the decision rendered by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 809 (1996).

## THIRTY-SEVENTH DEFENSE

Unless expressly admitted herein, each and every allegation of Plaintiff's Complaint is denied.

## THIRTY-EIGHTH DEFENSE

For answer to the numbered paragraphs of Plaintiff's Complaint, WillStaff says as follows:

1. WillStaff admits that Plaintiff is alleging violations of the specified statutes, laws and provisions, but affirmatively denies that it has violated any of them or that Plaintiff has stated a claim for relief under any or all of them. All remaining allegations of paragraph 1 of the Complaint are denied.

2. WillStaff admits that this Court has subject matter jurisdiction over this case and that Plaintiff is alleging violations of the specified statutes, laws and provisions, but affirmatively denies that it has violated any of them or that Plaintiff has stated a claim for relief under any or all of them.

3. WillStaff admits that it is a Delaware corporation doing business in the State of Alabama. Venue is not contested. All remaining allegations of paragraph 3 of the Complaint are denied.

4. WillStaff admits Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Upon information and belief, WillStaff admits Plaintiff filed this lawsuit within 90 days of receiving his Notice of Right to Sue. Otherwise, WillStaff denies the allegations of paragraph 4 of the Complaint.

5. WillStaff admits Plaintiff is a black male. Upon information and belief, WillStaff admits the remaining allegations of paragraph 5 of the Complaint.

6. WillStaff admits the allegations of paragraph 6 of the Complaint.

7. WillStaff avers that Jennifer Espy (now Williams) is an Area Manager at WillStaff and supervises the Dothan office. WillStaff further admits that Plaintiff was a temporary employee who was assigned to other clients to work on a temporary basis. WillStaff denies Jennifer Espy had supervisory authority over Plaintiff and further denies all remaining allegations of paragraph 7 of the Complaint.

8. WillStaff admits that Plaintiff began his assignment as a WillStaff temporary employee at Younglove Construction Company on or about November 28, 2005. Upon information and belief, WillStaff admits that Plaintiff was assigned to a construction project near Brundidge, Alabama. All remaining allegations of paragraph 8 of the Complaint are denied.

9.  WillStaff denies the allegations of paragraph 9 of the Complaint.

10. WillStaff denies that Plaintiff's employment was terminated and avers that Plaintiff voluntarily resigned from WillStaff despite its repeated attempts to place Plaintiff with another client. WillStaff further denies all remaining allegations of paragraph 10 of the Complaint.

11. WillStaff denies the allegations of paragraph 11 of the Complaint and denies Plaintiff is entitled to relief of any kind.

12. WillStaff adopts and incorporates by reference its responses to paragraphs 1-11 herein as if fully set out.

13. WillStaff denies the allegations of paragraph 13 of the Complaint.

14. WillStaff denies the allegations of paragraph 14 of the Complaint.

15. WillStaff denies the allegations of paragraph 15 of the Complaint and denies Plaintiff is entitled to relief of any kind.

16. WillStaff denies the allegations of paragraph 16 of the Complaint and denies Plaintiff is entitled to relief of any kind.

17. WillStaff adopts and incorporates by reference its responses to paragraphs 1-16 herein as if fully set out.

18. WillStaff denies the allegations of paragraph 18 of the Complaint.

19. WillStaff denies that Plaintiff's employment was terminated and avers that Plaintiff voluntarily resigned from WillStaff despite its repeated attempts to place Plaintiff with another client. WillStaff further denies the remaining allegations of paragraph 19 of the Complaint.

20. WillStaff denies the allegations of paragraph 20 of the Complaint and denies Plaintiff is entitled to relief of any kind.

21. WillStaff adopts and incorporates by reference its responses to paragraphs 1-20 herein as if fully set out.

22. WillStaff denies the allegations of paragraph 22 of the Complaint.

23. WillStaff denies the allegations of paragraph 23 of the Complaint.

24. WillStaff denies the allegations of paragraph 24 of the Complaint and denies Plaintiff is entitled to relief of any kind.

25. WillStaff adopts and incorporates by reference its responses to paragraphs 1-24 herein as if fully set out.

26. WillStaff denies the allegations of paragraph 26 of the Complaint.

27. WillStaff denies the allegations of paragraph 27 of the Complaint.

28. WillStaff denies the allegations of paragraph 28 of the Complaint and denies Plaintiff is entitled to relief of any kind.

29. In response to Plaintiff's Prayer for Relief, WillStaff denies that Plaintiff is entitled to the relief requested or any just relief, damages, award, or remedy of any kind.

WHEREFORE, WillStaff requests a judgment in its favor and an award of costs and fees.

This the 11th day of April, 2007.

                                    s/James P. Alexander
                                    James P. Alexander (ALE002)

                                    s/Stacey T. Bradford
                                    Stacey T. Bradford (THU004)
                                    Bradley Arant Rose & White
                                    1819 Fifth Avenue North
                                    Birmingham, AL 35203-2104
                                    Phone: 205-521-8000
                                    Fax: 205-521-8800
                                    jalexander@bradleyarant.com
                                    sbradford@bradleyarant.com

                                    Attorneys for Defendant
                                    WillStaff Crystal, Inc. d/b/a
                                    WillStaff Worldwide

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Elizabeth B. Glasgow
> Harry P. Hall II
> Farmer, Price, Hornsby & Weatherford, LLP
> 100 Adris Place (36303)
> Post Office Drawer 2228
> Dothan, Alabama 36302

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> None

Respectfully submitted,

_s/Stacey T. Bradford_
OF COUNSEL